IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES FRANKLIN,[1] | § | |
| | § | No. 602, 2014 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| CASSIE FRANKLIN, | § | File No. CN12-04097 |
| | § | Pet. No. 14-19088 |
| Petitioner Below- | § | |
| Appellee. | § | |

Submitted: April 17, 2015
Decided: June 22, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 22nd day of June 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Charles Franklin ("Father"),[2] filed this appeal from a Family Court order modifying a prior visitation order. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court has assigned pseudonyms to the parties and their minor daughter under Supreme Court Rule 7(d).

[2] The Court recognizes that Father is a transgender woman, but we use the term "Father" for purposes of this order because that is the term used by the Family Court in its order. It also is the term used by both parties to identify Charles Franklin in their briefs on appeal.

(2)    Father and Cassie Franklin ("Mother") are the parents of one daughter, Ellen, who was born on April 2, 2009. By order dated December 19, 2012, Mother was awarded sole legal custody of Ellen. Father was awarded visitation, which allowed Father to have Ellen, on an alternating weekly basis, from Wednesday to Friday one week and Thursday to Monday the following week. Thus, in any two week period, Father had Ellen for six nights (or 43% of the time).

(3)    On July 16, 2014, Mother filed a petition to modify visitation. Mother asserted that Ellen would begin full-time kindergarten in the fall. Mother alleged, among other things, that Father had not provided a consistent schedule for Ellen during her preschool years and would bring Ellen to preschool at odd times or, sometimes, not at all. Mother requested that: (i) during the school year, Father's visitation would be reduced to Wednesday nights, over night, and every other weekend; (ii) during Ellen's summer break, the parties would alternate visitation on a weekly basis beginning and ending on Sunday; (ii) pick-ups and drop-offs would occur at Mother's or Mother's parents' house; and (iv) Father would be required to notify Mother if Father intended to leave Delaware with Ellen and that travel would be restricted to 50 miles unless Mother consented.

(4) Father filed an answer to the petition on August 6, 2014. Father denied Mother's allegation that Ellen's schedule was inconsistent. Father requested the Family Court to modify the prior visitation schedule to allow the parties to have share residential custody equally on an alternating weekly basis, from Thursday to Thursday, and to allow pick-ups and drop-offs to occur at Ellen's school. Father also requested additional modifications to the prior visitation order, including modification of the vacation and holiday schedules.

(5) The Family Court held a hearing on Mother's petition on September 19, 2014. Both parties appeared *pro se*. Neither party presented any witnesses other than themselves. After considering the evidence and the statutory factors under 13 *Del. C.* § 722, the Family Court concluded that Father's visitation should be modified slightly to have pick-up occur on Wednesday each week in order to avoid confusion regarding Ellen's transportation home from school. The total amount of Father's visitation did not change. The Family Court ordered the visitation schedule to remain the same in the summer, although each party was awarded two non-consecutive weeks of vacation. The Family Court directed non-school day pick-ups to occur at Delaware State Police Troop 9.

(6) The Family Court noted testimony from both parties reflecting their difficulties in communicating with one another. The Family Court also cited to testimony from both parties reflecting Ellen's confusion about Father's gender transition, including an incident where Ellen refused to take medicine when she was sick because she was afraid it would turn her into a boy. In light of the testimony, the Family Court concluded that it was in Ellen's best interest for the parties to obtain counseling for their daughter. The Family Court ordered both parties to participate in the counseling but ordered Father to bear the cost.

(7) Father raises several issues on appeal. First, Father contends that the Family Court erred in refusing the parties' mutually agreed upon summer visitation schedule. Second, Father asserts that the Family Court erred in denying a 50/50 shared arrangement and in accepting Mother's testimony that Ellen's school would be confused by such an arrangement. Finally, Father asserts that the Family Court's decision was unlawfully discriminatory because Father is a transgender individual.

(8) Our standard of review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[3] We have the duty to review the sufficiency of the

---

[3] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).

4

evidence and to test the propriety of the findings.[4] Findings of fact will not be disturbed on appeal unless they are determined to be clearly erroneous.[5] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[6] When the determination of facts turns on the credibility of the witnesses who testified under oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[7]

(9) Father challenges Mother's credibility and faults the Family Court for accepting Mother's testimony on certain issues. Father also contends that the Family Court exhibited bias because of Father's gender transition. Father, however, failed to provide this Court with a copy of the transcript of the Family Court hearing in order to support those claims. Without an adequate record, the Court has no sufficient basis to review Father's challenge to any of the Family Court's factual findings or credibility determinations.[8]

---

[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[5] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.

[7] *Id.*

[8] *Burton v. Burton*, 2005 WL 1950214 (Del. July 19, 2005).

(10) Moreover, we find no error in the Family Court's application of the law. Under 13 *Del. C.* § 728(a),[9] the Family Court may modify a visitation order at any time if the best interests of the child would be served in doing so.[10] The record in this case reflects that the Family Court reviewed the applicable factors in performing a best interest analysis under 13 *Del. C.* § 722(a) and determined that it was in Ellen's best interest to keep the visitation schedule the same with only slight modifications.

(11) The Family Court found that both parties were adequate caregivers for Ellen, but they had problems in communicating directly and civilly with one another. The Family Court ordered that Father's visitation with Ellen should be modified slightly so that visitation periods would begin on Wednesday each week to reduce any confusion and that non-school pick-ups and drop-offs would occur at the police station. In almost all other respects, the Family Court denied Mother's petition to modify visitation.

---

[9] DEL. CODE ANN. tit. 13, § 728(a) (2009) provides in part, "The Court shall determine, whether the parents have joint legal custody of the child or 1 of them has sole legal custody of the child, with which parent the child shall primarily reside and a schedule of visitation with the other parent, consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the Court finds, after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair his or her emotional development...."

[10] DEL. CODE ANN. tit. 13, § 729(a) (2009).

(12) Under the circumstances, we find no basis to disturb the Family Court's factual findings, and we conclude that the Family Court correctly applied the law to the facts. Moreover, the allegation that the Family Court's decision reflects discrimination against Father as a transgender person is completely unsupported by the record. Accordingly, we affirm the Family Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice